IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERMAN C.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22 C 821 |
| v. ) | |
| ) | Magistrate Judge |
| MARTIN J. O'MALLEY, ) | Daniel P. McLaughlin |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff German C.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [15] [16] is granted in part, and the Commissioner's cross-motion for summary judgment [17] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I.     PROCEDURAL HISTORY

On February 14, 2020, Plaintiff filed a claim for DIB, alleging disability since February 14, 2019. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on June 22, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. An impartial Spanish interpreter was present but Plaintiff did not require interpreter services during the hearing.

On July 13, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.    ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of February 14, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments:

2

degenerative disc disease of the lumbar spine; degenerative joint disease of the shoulder and knee; depression; and anxiety. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the following residual functional capacity ("RFC"): has capacity to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; has no limitations in the total amount of time he is able to sit, stand, or walk throughout an 8-hour workday; needs to alternate his position between sitting, standing, and walking for no more than 5 minutes out of every half hour, and, while doing so, he would not need to be off task; can occasionally climb ramps and stairs; can occasionally stoop, kneel, balance, crouch, and crawl, but can never climb ladders, ropes, or scaffolds; can only occasionally reach overhead or beyond desk or bench-level using his right upper extremity; is limited to working in non-hazardous environments, i.e., no driving at work, operating moving machinery, working at unprotected heights, and he should avoid concentrated exposure to unguarded hazardous machinery; is further limited to simple, routine tasks, work involving no more than simple decision-making, no more than occasional and minor changes in the work setting, and work requiring the exercise of only simple judgment; is not capable of multitasking, or work requiring considerable self-direction; can work at an average production pace, but not at a significantly above average or highly variable pace; is precluded from work involving direct public service, in person or over the phone, although can tolerate

3

brief and superficial interaction with the public, which is incidental to his primary job duties; is unable to work in crowded, hectic environments; and can tolerate brief and superficial interaction with supervisors and co-workers, but is not to engage in tandem tasks.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a construction worker. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## **DISCUSSION**

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as

5

adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

6

### III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's RFC assessment was not supported by substantial evidence; (2) the ALJ's assessment of the treating physician assistant's opinion was not supported by substantial evidence; and (3) the ALJ's symptom evaluation was not supported by substantial evidence.

In advancing his first argument, Plaintiff contends, *inter alia*, that the ALJ failed to adequately account for his expressed need to lie down during the day to alleviate pain. Pertinent to that topic, in his decision, the ALJ noted that Plaintiff's "doctor advised him to use ice and elevate his leg when lying down for pain relief." (R. 25) The ALJ further acknowledged Plaintiff's reports that "he spends his time lying down and sitting." (*Id.*) However, beyond these notations, the ALJ's decision does not analytically address Plaintiff's asserted need to lie down in any manner.

"An ALJ errs when the RFC fails to account for a claimant's allegation that he needs to lie down." *Tincher v. Colvin*, No. 13 C 8410, 2015 U.S. Dist. LEXIS 90961, at *25 (N.D. Ill. July 14, 2015) (citation omitted). Accordingly, in completely failing to analyze Plaintiff's allegations concerning his need to lie down during the day, the ALJ erred. *See Eula M. v. Berryhill*, No. 17 C 6669, 2019 U.S. Dist. LEXIS 84685, at *23 (N.D. Ill. May 20, 2019) ("The ALJ was required to explain either (1) why plaintiff's testimony could not be accepted or (2) why she could work on a full-time basis despite her alleged need to lie down for three hours when she experienced migraines."). The ALJ's failure to account for Plaintiff's asserted need

7

to lie down is an error requiring that this matter be remanded. *See Gibson-Jones v. Chater*, No. 96-2626, 1997 U.S. App. LEXIS 7640, at *13 (7th Cir. Apr. 14, 1997) ("We therefore . . . remand the case to the ALJ so that he may identify more specific medical evidence supporting his rejection of [the claimant's] testimony that she needed to lie down daily. The ALJ must more specifically articulate his reasons for believing that [the claimant's] testimony is contradictory and inconsistent. If the ALJ is unable to articulate more specific reasons, he must award [the claimant] the relief she requests because, if she needs to lie down daily, she will be unable to perform even sedentary work with a sit/stand option."); *Wesolowski v. Colvin*, No. 15 C 8830, 2016 U.S. Dist. LEXIS 144261, at *11 (N.D. Ill. Oct. 18, 2016) ("The ALJ also failed to explain why he did not include Wesolowski's need to lie down intermittently. On remand, the ALJ should expand the record if necessary in order to properly determine Wesolowsi's RFC."). Defendant argues that Plaintiff's "treatment records do not support his allegations that he needed to lie down during the workday" and "there is simply no support for this allegation in the record." ([18] at 5.) That may or may not be true, but the contention is an unavailing *post hoc* rationalization, as the ALJ did not provide any statements to that effect in his decision.

      Plaintiff also argues that the ALJ did not sufficiently account for his diagnosed panic disorder. Pertinent to that argument, the ALJ's decision contains multiple references to Plaintiff's panic attacks and includes the following passage:

> During his consultative mental status examination in September 2020, the claimant reported that since his work accident, he experienced

8

> symptoms of depression and anxiety and has panic attacks. He explained his panic attacks last from 15-20 minutes, and he avoids going out for fear of having a panic attack. The claimant stated he avoids people because he felt arguments bring on panic attacks. In addition, he reported sleep difficulties, but denied hallucinations or suicidal ideations. The claimant explained that if he takes meds daily, the medications controls his panic attacks, but he still experiences panic attacks when there is some upcoming stressful event. On exam, he presented with anxious mood and affect. Aside from poor performance in subtracting 7's from 100, his formal mental status examination performance was largely unremarkable. The claimant was diagnosed with panic disorder, generalized anxiety disorder and persistent depressive disorder, mild in severity.

(R. 28.)

Yet, aside from the frequent notations, the ALJ did not actually analyze Plaintiff's panic disorder and did not explain whether any of the RFC accommodations were meant to address his panic attacks. The ALJ erred in that regard. *See Christopher M. L. v. Kijakazi*, No. 20 C 6407, 2022 WL 3445499, at *2 (N.D. Ill. Aug. 17, 2022) ("The ALJ noted that plaintiff reported panic attacks, but she did not address, let alone explain why she rejected, the wealth of evidence about the consistency, frequency, severity, and impact of those attacks.") (citation omitted); *cf. Tincher v. Colvin*, No 13 C 8410, 2015 WL 4253632, at *7 (N.D. Ill. July 14, 2015) ("Even if the ALJ had valid reasons for finding that Plaintiff's panic disorder was not a severe impairment, she was still required to account for its effects on his RFC."). Defendant asserts that the ALJ "included extensive restrictions in the RFC to accommodate [panic attacks]." ([18] at 8.) The problem with that argument, as Plaintiff points out, is that "Defendant cannot point to any place in the decision where the ALJ provided an explanation for *how* the specific RFC limitations capture those specific [panic-related] symptoms" and "[n]owhere

9

did the ALJ advance the logic that the RFC restrictions accounted for [Plaintiff's] panic symptoms." ([21] at 7-8.) Ultimately, the ALJ's failure to sufficiently account for Plaintiff's panic attacks is another error requiring that this matter be remanded. *See Lorena T. v. Saul*, No. 18-CV-6348, 2020 WL 977967, at *9 (N.D. Ill. Feb. 28, 2020) ("On remand, the ALJ must explain the connection between the evidence of Lorena's panic attacks and his conclusion that she could sustain a fulltime job with 'normal breaks.'").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's RFC is properly derived, the medical opinions are properly weighed, and Plaintiff's subjective symptoms are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [15] [16] is granted in part, and the Commissioner's cross-motion for summary judgment [17] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                    **ENTERED:**

**DATE:     November 5, 2024**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**

11